UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JERRY WORD,

          Petitioner,          Case No. 2:20-cv-10352
                                    Hon. Victoria A. Roberts

v.

JOHN CHRISTIANSON,

          Respondent.
_____/

**ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION [ECF No. 23]**

On January 4, 2021, the Court denied Petitioner Jerry Word's application for a writ of habeas corpus. The Court denied the petition, in large part, because the extremely poor-quality photocopies of trial exhibit photographs submitted to the Court did not contradict the trial testimony of police officers, the central factual predicate for all of Petitioner's legal claims.

Before the Court is Petitioner's motion for reconsideration. Petitioner claims that the original color photographs indisputably show the police officers' testimony to be false. The Judge's copy of the motion for reconsideration includes copies of the much better-quality color photographs. After careful consideration of the newly available exhibits, the Court nevertheless denies Petitioner's motion for reconsideration.

Pursuant to Local Rule 7.1(h), a party seeking reconsideration must demonstrate (i) a "palpable defect" by which the court and the parties have been "misled," and (ii) that "correcting the defect will result in a different disposition of the case." E.D. Mich. L.R. 7.1(h)(3). A "palpable defect" is an error that is "obvious, clear, unmistakable, manifest or plain." *United States v. Cican*, 156 F. Supp. 2d 661, 668 (E.D. Mich. 2001).

Petitioner's legal claims are all based on the factual predicate that police officers lied about what was in plain view inside his hotel suite when Petitioner answered the door. He claims that because no incriminating evidence was in plain view, the warrantless search of his suite was illegal, the prosecutor wrongfully elicited false testimony from the officers, and defense counsel was ineffective for failing to better contest the search on this basis.

The Michigan Court of Appeals, however, found that police legally searched Petitioner's hotel suite on based on two alternative grounds. First, the state court found that the plain-view exception to the warrant requirement applied:[1]

> The plain-view exception to the warrant requirement is applicable here because before even entering the room, an officer observed several incriminating items in plain view, including a crack pipe, a chore boy, and a corner tie containing what appeared to be narcotics. The incriminating nature of narcotics and narcotics paraphernalia was also immediately apparent. Similarly, while searching defendant's room for other occupants or victims, Officer Raby discovered the other narcotics and narcotics paraphernalia lying in plain view.

*People v. Word*, 2017 WL 6502944, at *2 (Mich. App., 2017).

Second, the state court found that the exigent circumstances exception to the warrant requirement was met:[2]

> Police were called to the hotel when the desk clerk viewed defendant in his room, waiving a gun, and talking. The officers also viewed defendant holding the gun, thrusting it forward, and jumping around like he was nervous and jittery. While outside defendant's room, they heard several thuds, "banging noise," and a "deep thud kind thing," which Officer Clark explained that it was like "you hit a pillow or something or you hit something that's like a body hit kind of thing." The officers had sufficient reason to conclude that the room might contain an injured or threatened individual in need of immediate rescue and so, their entry was not improper. While in the room, Officer Raby observed crack cocaine, a crack pipe,

---

[1] The plain view doctrine allows police officers to seize, without a warrant, items in plain view if the officers are lawfully in a position from which they view the item, and if the item's incriminating character is immediately apparent. *Horton v. California*, 496 U.S. 128 (1990).

[2] Warrants are not required where "'the exigencies of the situation' make the needs of law enforcement so compelling that the warrantless search is objectively reasonable under the Fourth Amendment." *Mincey v. Arizona*, 437 U.S. 385, 393-394 (1978).

baking soda, and a pillow with bullet holes and powder burns in plain view.4 The officers' actions fell within the exigent circumstances and plain view exceptions to the warrant requirement. Accordingly, the trial court did not err by failing to suppress the evidence obtained from defendant's hotel room.

*Id.*, 2017 WL 6502944, at *3.

The color photographs attached to the motion for reconsideration are purportedly the same ones used at trial by the prosecutor during the testimony of the police officers. Petitioner contends that the photographs show that none of the items of contraband testified to by the police officers can be seen on the table that was visible from the hallway. Certainly, the color photographs allow the Court to better evaluate the merits of this allegation than the poor photocopies.

Nevertheless, the Court is not persuaded that the photographs are as exculpatory as Petitioner suggests. At trial, officer Michael Raby testified that when Petitioner answered the door, he could see a table on the wall just inside the suite. (ECF No. 13-10, PageID.415.) The prosecutor first showed him a photograph of the room taken from the entrance that depicted a table. (Id., PageID.415-16.) The prosecutor then showed him a close-up of the table – and the Court will assume it is the photo embedded below. (Id., PageID.416.) Raby used a laser pointer to indicate for the jury where the photo depicted a crack pipe, chore boy (used as a filter in a crack pipe), and a corner tie. (Id. PageID.416-17.) Raby indicated the chore boy was "by the screwdriver," but it was hard to see in the photo because it was almost the same color as the table. (Id., PageID.417.) Officer Kenneth Rochon similarly used a laser pointer to indicate for the jury where the close-up photo depicted a scale, cell phones, white powder, and Petitioner's driver's license. (Id., PageID.439.)

Petitioner asserts that the color photographs clearly show that none of these items were on the table. While the color photos are certainly much better than the copies previously reviewed by the Court, they do not constitute "clear and convincing evidence" that the officers lied:

3



(Motion, Attachment C, ECF No. 23, PageID.2415) (Judge's Copy)

Of the several photographs submitted by Petitioner, the one embedded above is the closest shot of the table nearest the front door. Another photo taken slightly farther back shows that this is the table that was just inside the front door to the hotel suite. The yellow tags have been added by the Court. The photograph generally depicts a very cluttered table. Five cell phones are clearly visible. A scale is also clearly visible below the radio, and it is an easily identifiable by anyone familiar with narcotics cases. There is a possible corner tie that can be seen below the two cell phones on the left side of the table. There is a possible glass crack pipe just visible above the front lip of what appears to be a white plate or tray in the center of the table. There is the suggestion of copper-colored chore boy, just barely discernable below the shaft of the screwdriver. Or perhaps the photo depicts burnt chore boy positioned slightly further away from the screwdriver. In any event, much of the surface of the table is dusted with what appears to be a white powdery substance.

To be sure, even the much better-quality photo leaves the Court unsure as to what is depicted on the table. But where a habeas petitioner seeks to undermine factual findings by a state court, he must do so with "clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *Wofford v. Woods*, 969 F.3d 685, 698-99 (6th Cir. 2020). The photos do not clearly and convincingly show that the police lied about what was in plain view when they looked into Petitioner's hotel suite from the doorway. The Court cannot conclude based on its review of the photos that they "clearly and convincingly" show that the officers lied about what they show or about what they saw. Petitioner has therefore not undermined the factual predicate supporting the Michigan Court of Appeals' conclusion that the search of his hotel suite was legal because officers observed several incriminating items in plain through the doorway.

Moreover, even if Petitioner successfully undermined the plain-view rationale, the Michigan Court of Appeals also found that the warrantless search was justified by the exigent-circumstances exception. Independent of whether police saw incriminating evidence when Petitioner opened the door, a hotel clerk told officers that through the window to the suite he had seen Petitioner in his room waiving a gun and talking. Responding officers looked through the same window and saw Petitioner holding a gun and jumping around. Then, while standing outside his doorway, officers heard thuds and other sounds suggesting that someone inside might be in danger. Even if incriminating evidence was not visible from the doorway, the state court reasonably concluded that "officers had sufficient reason to conclude that the room might contain an injured or threatened individual in need of immediate rescue." *Word*, 2017 WL 6502944, at *3.

Accordingly, Petitioner has not shown that the poor-quality black-and-white photocopies of the photographs erroneously led the Court to deny the petition for writ of habeas corpus. Accordingly, Petitioner's motion for reconsideration is **DENIED**.

**SO ORDERED.**

                                                      s/ Victoria A. Roberts
                                                     Hon. Victoria A. Roberts
                                                     United States District Judge

Dated: 3/22/2021