UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JERRY WORD,

                Petitioner,                Case No. 2:20-cv-10352
                                                            Hon. Victoria A. Roberts

v.

JOHN CHRISTIANSEN,

                Respondent.
_____/

## OPINION AND ORDER GRANTING CERTIFICATE OF APPEALABILITY AND PERMISSION TO APPEAL IN FORMA PAUPERIS

This Court issued an opinion and order denying the petitioner's application for a writ of habeas corpus. Petitioner moved for reconsideration, and the Court denied he motion. (ECF Nos. 23 and 24.) Before the Court are Petitioner's motion for a certificate of appealability and motion to proceed on appeal in forma pauperis. (ECF No. 26.)

Pursuant to Rule 11 of the Rules Governing Section 2254 Proceedings:

> The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.

Rule 11, Rules Governing Section 2254 Proceedings.

28 U.S.C. § 2253(c)(1)(A) and F.R.A.P. 22(b) state that an appeal from the district court's denial of a writ of habeas corpus may not be taken unless a certificate of appealability (COA) is issued either by a circuit court or district court judge. If an appeal is taken by an applicant for a writ of habeas corpus, the district court judge shall either issue a certificate of appealability or state the reasons why a certificate of appealability shall not issue. F.R.A.P. 22(b). To obtain a certificate

of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). When a district court denies a habeas petition a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

In the present case, for reasons stated in greater detail in the opinion denying Petitioner's motion for reconsideration, though the Court rejected Petitioner's claims about what could be viewed by police officers from his hotel room's entrance, reasonable jurists could debate the result. The Court will therefore grant a certificate of appealability with respect to Petitioner's claims that he was denied the effective assistance of counsel and that the prosecutor committed misconduct in connection with the alleged false testimony regarding what was in plain view from outside Petitioner's hotel room.

A court may grant IFP status to appeal if it finds that an appeal is being taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. 24(a). "Good faith" requires a showing that the issues raised are not frivolous; it does not require a showing of probable success on the merits. *Foster v. Ludwick*, 208 F. Supp. 2d 750, 765 (E.D. Mich. 2002). The Court finds that an appeal can be taken in good faith and Petitioner may proceed in forma pauperis on appeal. *Id*.

Accordingly, it is **ORDERED** that a certificate of appealability and permission to appeal in forma pauperis are **GRANTED**.

s/ Victoria A. Roberts
Victoria A. Roberts
United States District Judge

DATED: May 5, 2021